UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re: | CASE NO. 2:25-cv-02143-LK |
| CRAIG CLINTON ROMINGER and<br>HEIDI KAY ROMINGER, | ORDER DENYING MOTION TO<br>WAIVE APPEAL FILING FEE |
| Appellants/Debtors. | |

This matter comes before the Court on pro se Appellants Craig and Heidi Rominger's Motion to Waive Appeal Filing Fee. Dkt. No. 1-1 at 33–35. The Romingers are appealing the final judgment denying their discharge in bankruptcy under 11 U.S.C. § 727. *Id.* at 34. They ask the Court for leave to proceed *in forma pauperis* ("IFP") and "for waiver of the filing fees associated with their Notice of Appeal pursuant to 28 U.S.C. § 1930(f)(1) and Federal Rule of Bankruptcy Procedure 8003(a)(3)." *Id.* at 33.

A notice of an appeal from U.S. Bankruptcy Court must be "accompanied by the prescribed filing fee." Fed. R. Bankr. P. 8003(a)(3). The fee to file an appeal is $298. *See* Bankruptcy Court Miscellaneous Fee Schedule, https://www.uscourts.gov/court-programs/fees/bankruptcy-court-

ORDER DENYING MOTION TO WAIVE APPEAL FILING FEE - 1

miscellaneous-fee-schedule (last visited November 10, 2025) (setting forth a fee of $293 to file an appeal from a bankruptcy judgment, which is "collected in addition to the statutory fee of $5 that is collected under 28 U.S.C. § 1930(c) when a notice of appeal is filed"). Although the Romingers cite 28 U.S.C. § 1930(f)(1) as the basis to waive the fee here, Dkt. No. 1-1 at 33, that section is inapplicable because they are not asking to waive the original filing fee, 28 U.S.C. § 1930(f)(1), *see In re Greenfield*, No. 19-20785-NGH, 2021 WL 2389279, at *2 (Bankr. D. Idaho June 10, 2021) (noting that "28 U.S.C. § 1930(f)(1) applies to fees associated with the commencement of a chapter 7 case"). However, the Romingers can seek a waiver of the appellate fees under 28 U.S.C. § 1930(f)(2) or (f)(3), *see id.*, and subsection (f)(3) permits district courts to waive fees "in accordance with Judicial Conference policy[.]" In turn, Section 820.40(a) of the Guide to Judiciary Policy permits courts to waive the appeal fee "in the discretion of the court, for an individual debtor whose filing fee has been waived, or for whom the totality of circumstances during the pendency of the case and appeal warrant such waiver upon request." *See* Guide to Judiciary Policy, https://www.uscourts.gov/rules-policies/judiciary-policies/bankruptcy-case-policies, § 820.40(a) (last visited November 10, 2025); *see also id.* at § 820.40(c) (noting that alternatively, a debtor can move to waive the filing fee by meeting the eligibility standard in Section 820.20(a)(1), which permits a district court to waive the chapter 7 appeal fee for an individual debtor who "has income less than 150 percent of the income official poverty line applicable to a family of the size involved[] and . . . is unable to pay that fee in installments"). "The debtor bears the burden of proving by a preponderance of the evidence that his or her circumstances satisfy the requirements of the fee waiver provision." *In re Brazier*, No. C17-1526JLR, 2017 U.S. Dist. LEXIS 188402, at *3 (W.D. Wash. Nov. 14, 2017).

Here, the Romingers were not proceeding IFP before the Bankruptcy Court, *see* Dkt. No. 1-1 at 2 (noting receipt of filing fee), and their motion does not include any evidence about their

financial circumstances, *see generally id.* at 33–35. Accordingly, they have not shown that they are entitled to a fee waiver.

For the foregoing reasons, the Court DENIES the Romingers' Motion to Waive Appeal Filing Fee. Dkt. No. 1-1 at 33–35. Within 14 days of the date of this Order, the Romingers must either pay the filing fee or file an amended motion to waive the fee that supplies the necessary information and a proposed installment payment schedule. If the Romingers do not timely pay the fee or file an amended motion, the Court will close this appeal.

The Clerk is directed to mail a copy of this Order to the Romingers at their last known address, along with the form Declaration and Application to Proceed in Forma Pauperis and Written Consent for Payment of Costs.

Dated this 13th day of November, 2025.

*Lauren King*

Lauren King
United States District Judge