UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re: CRAIG CLINTON ROMINGER and HEIDI KAY ROMINGER | CASE NO. 2:25-cv-02143-LK<br><br>ORDER DENYING AMENDED MOTION TO WAIVE APPEAL FILING FEE |

This matter comes before the Court on pro se Appellants Craig and Heidi Rominger's Amended Motion to Waive Appeal Filing Fee. Dkt. No. 7. For the reasons set forth below, the Court denies the amended motion.

The Romingers are appealing the final judgment denying their discharge in bankruptcy under 11 U.S.C. § 727. Dkt. No. 1-1 at 34. They request that the Court waive the appeal filing fee because they are unable to pay it "without causing substantial hardship" and "[p]ayment of the fee would undermine their ability to meet basic living needs." Dkt. No. 7 at 2. In the alternative, they request that the Court defer payment of the fee or allow them to pay in installments. *Id.* at 3; *see also id.* at 6 (suggesting an installment plan of $37.25 per month starting in February 2026).

A notice of an appeal from U.S. Bankruptcy Court must be "accompanied by the prescribed filing fee." Fed. R. Bankr. P. 8003(a)(3). The fee to file an appeal is $298. *See* Bankruptcy Court

Miscellaneous Fee Schedule, https://www.uscourts.gov/court-programs/fees/bankruptcy-court-miscellaneous-fee-schedule (last visited December 8, 2025) (setting forth a fee of $293 to file an appeal from a bankruptcy judgment, which is "collected in addition to the statutory fee of $5 that is collected under 28 U.S.C. § 1930(c) when a notice of appeal is filed"). Under 28 U.S.C. § 1930(f)(3), district courts can waive fees "in accordance with Judicial Conference policy[.]" In turn, Section 820.40(a) of the Guide to Judiciary Policy permits courts to waive the appeal fee "in the discretion of the court, for an individual debtor whose filing fee has been waived, or for whom the totality of circumstances during the pendency of the case and appeal warrant such waiver upon request." *See* Guide to Judiciary Policy, https://www.uscourts.gov/rules-policies/judiciary-policies/bankruptcy-case-policies, § 820.40(a) (last visited December 8, 2025); *see also id.* at § 820.40(c) (noting that alternatively, a debtor can move to waive the filing fee by meeting the eligibility standard in Section 820.20(a)(1), which permits a district court to waive the chapter 7 appeal fee for an individual debtor who "has income less than 150 percent of the income official poverty line applicable to a family of the size involved[] and . . . is unable to pay that fee in installments"). "The debtor bears the burden of proving by a preponderance of the evidence that his or her circumstances satisfy the requirements of the fee waiver provision." *In re Brazier*, No. C17-1526JLR, 2017 U.S. Dist. LEXIS 188402, at *3 (W.D. Wash. Nov. 14, 2017).

The Romingers have not met their burden of demonstrating that they qualify for a fee waiver. They were not proceeding IFP before the Bankruptcy Court. *See* Dkt. No. 1-1 at 2 (noting receipt of filing fee). Nor does their income qualify them for a waiver. The Romingers do not specify how many people are in their household, but even if the Court assumes that their financially dependent adult son is part of their household, Dkt. No. 7 at 5, the federal poverty line for a family of three in 2025 is an annual household income of $26,650. *See* Annual Update of the HHS Poverty Guidelines, 90 Fed. Reg. 5917 (Jan. 17, 2025) (enumerating the 2025 poverty guidelines by

household size); *see also* https://www.uscourts.gov/sites/default/files/2025-01/ifp-monthly-poverty-guidelines-2025.pdf (last visited December 8, 2025) (listing $3,331.25 per month and $39,975 per year as 150% of the HHS Poverty Guidelines for 2025 for a household of three people). The Romingers report a monthly net income of $4,800, Dkt. No. 7 at 4, which equates to an annual net income of $57,600. That annual income far exceeds $39,975, which is 150% of the federal poverty line for a household of three. Moreover, in light of the Romingers' income and other assets, *id.* at 4–5, the totality of circumstances do not warrant a waiver or an installment payment plan.

For the foregoing reasons, the court DENIES the Romingers' Amended Motion to Waive Appeal Filing Fee. Dkt. No. 7. The Romingers must pay the applicable filing fee within 14 days of the date of this Order to proceed with this appeal. If the Romingers do not timely pay the filing fee, the Court will close this appeal.

Dated this 8th day of December, 2025.

Lauren King
United States District Judge