UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re: CRAIG CLINTON ROMINGER and HEIDI KAY ROMINGER | CASE NO. 2:25-cv-02143-LK<br><br>ORDER GRANTING MOTION FOR AN ORDER TO SHOW CAUSE |

This matter comes before the Court on Appellee Jonathan Roberts' Motion for Order to Show Cause Why Appeal Should Not be Dismissed for Lack of Prosecution. Dkt. No. 14. Mr. Roberts avers that Appellants Craig and Heidi Rominger have not perfected their bankruptcy appeal, and he seeks an order requiring them to show cause why this matter should not be dismissed for failure to prosecute. *Id.* at 3–4.

On October 23, 2025, the U.S. Bankruptcy Court entered a judgment and order denying the Romingers' discharge under 11 U.S.C. § 727(d)(1). *See* Dkt. No. 5 at 2; *see also* Dkt. No. 1-1 at 31–32. The Romingers have appealed that judgment to this Court.

On February 5, 2026, the Bankruptcy Court filed a Notice of Deficient Appeal, stating that that court was unable to certify that the record is complete for purposes of this appeal because the Romingers have not filed the transcript or paid the transcription fees to the transcriber. Dkt. No.

ORDER GRANTING MOTION FOR AN ORDER TO SHOW CAUSE - 1

13 at 1. As of February 17, 2026, when Mr. Roberts filed this motion, the Romingers had not paid for the transcript, Dkt. No. 16 at 1–2, and there is no indication that they have done so since. Nor have the Romingers responded to this motion, which the Court construes as an admission that the motion has merit. LCR 7(b)(2).

"At the time of ordering" the transcript, "a party must make satisfactory arrangements with the reporter to pay for the transcript." Fed. R. Bankr. P. 8009(b)(4). The Romingers have not complied with this rule. *See* Dkt. No. 13 at 1; *see generally* Dkt. No. 14. As a result, the required transcript has not been filed. Federal Rule of Bankruptcy Procedure 8009(b)(1) (requiring appellants to file a copy of the transcript with the bankruptcy clerk or a certificate stating that they are not ordering a transcript). In addition, "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground . . . for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2); *see also In re Hernandez*, No. 25-cv-2164-RSH-MMP, 2025 WL 3014551, at *2 (S.D. Cal. Oct. 28, 2025) (dismissing bankruptcy appeal for failure to perfect the appeal or show cause for that failure).

Accordingly, the Court GRANTS the motion for an order to show cause, Dkt. No. 14, and ORDERS the Romingers to show cause within 14 days of this Order why the Court should not dismiss their appeal for failure to prosecute. The Romingers may show adequate cause by taking all necessary steps to perfect this appeal, *see* Dkt. No. 13 at 1, and filing proof with this Court that they have done so.

//

//

//

ORDER GRANTING MOTION FOR AN ORDER TO SHOW CAUSE - 2

Failure to timely show adequate cause shall result in the dismissal without prejudice of this appeal for failure to prosecute and/or failure to comply with a court order. *See* Fed. R. Bankr. P. 8003(a)(2); Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

Dated this 18th day of March, 2026.

Lauren King
United States District Judge

ORDER GRANTING MOTION FOR AN ORDER TO SHOW CAUSE - 3