UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In Re: CRAIG CLINTON ROMINGER and
HEIDI KAY ROMINGER

CASE NO. 2:25-cv-02143-LK

ORDER DISMISSING CASE

This matter comes before the Court on its March 18, 2026 order requiring the Romingers to show cause within 14 days why the Court should not dismiss their appeal for failure to prosecute. Dkt. No. 17. For the reasons set forth below, the Court dismisses this matter.

## I.    BACKGROUND

On March 18, 2026, the Court issued an order granting Appellee's Motion for Order to Show Cause Why Appeal Should Not be Dismissed for Lack of Prosecution, Dkt. No. 14, finding that the Romingers had not paid for the transcript as required and had thus failed to perfect their bankruptcy appeal, Dkt. No. 17 at 2. The Court informed the Romingers that they could "show adequate cause by taking all necessary steps to perfect this appeal . . . and filing proof with this Court that they have done so." *Id.* (citing Dkt. No. 13 at 1). The Court informed the Romingers that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not

ORDER DISMISSING CASE - 1

affect the appeal's validity, but is ground . . . for the district court . . . to act as it considers appropriate, including dismissing the appeal." *Id.* (quoting Fed. R. Bankr. P. 8003(a)(2)).

The Romingers have not responded to the order to show cause or filed anything with the Court since that order was issued. Nor is there any indication that they have paid for the transcript as required to perfect their appeal. The docket in their bankruptcy case is similarly devoid of any indication that they have perfected this appeal. *See In re Rominger*, No. 24-11790-CMA (Bankr. W.D. Wash.) (last visited Apr. 6, 2026).

## II.    DISCUSSION

### A.    Legal Standard

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte . . . 'for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.'" (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003))). Before doing so, courts must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (citations omitted).

### B.    Dismissal is Warranted Here

The Court analyzes the five *Applied Underwriters* factors, 913 F.3d at 890, and determines that dismissal is appropriate. First, the expeditious resolution of litigation "always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). That is true here, where the Romingers have allowed their appeal to languish since October 2025 without perfecting

ORDER DISMISSING CASE - 2

it. Dkt. Nos. 1, 17. The Court finds that this delay has reached the point of "interfer[ing] with . . . the public interest." *Ash*, 739 F.2d at 496.

Second, the Court's need to manage its docket is significant, especially given the significant volume of time-sensitive habeas petitions the Court is handling at present. *See, e.g.*, *Parada v. Warden*, No. 2:26-CV-00947-TMC, 2026 WL 787670, at *1 (W.D. Wash. Mar. 20, 2026) ("This District is handling an unprecedented volume of immigration habeas cases, all of which, by their very nature, concern petitioners who allege they are unlawfully in custody."). The Court warned the Romingers that dismissal would follow if they failed to perfect their appeal, Dkt. No. 17 at 2, but they have not heeded that warning. "[T]he Court's time is better spent on other matters than needlessly consumed managing a case with a recalcitrant litigant." *Pacheco v. Selma Unified Sch. Dist.*, No. 1:25-CV-00654-JLT-SAB, 2025 WL 1798378, at *1 (E.D. Cal. June 30, 2025), *report and recommendation adopted*, 2025 WL 2144721 (E.D. Cal. July 29, 2025). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal).

Third, although the Appellee has not shown prejudice, the Court "need not find that Appellee suffered actual prejudice to justify dismissal." *See In re Hernandez*, No. 25-cv-2164-RSH-MMP, 2025 WL 3014551, at *2 (S.D. Cal. Oct. 28, 2025) (dismissing bankruptcy appeal for failure to perfect the appeal or show cause for that failure). "The failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the [opposing party] from the failure." *Id.* (quoting *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452–53 (9th Cir. 1994)). This is because "the law presumes injury for unreasonable delay." *Moneymaker*, 31 F.3d at 1452.

ORDER DISMISSING CASE - 3

Fourth, the Court acknowledges that public policy favors disposition on the merits. *See Applied Underwriters*, 913 F.3d at 890. However, a disposition on the merits cannot occur without the Romingers perfecting their appeal and pursuing this case.

Finally, the Court considers whether less drastic alternatives are appropriate. It does not appear that any lesser sanction would be effective when the Romingers have stopped litigating this matter. They did not respond to the Appellee's motion for an order to show cause, and they have not complied with, or even responded to, the Court's order to show cause. Nor have they perfected their appeal. Dismissal is therefore the appropriate remedy. *See* Fed. R. Bankr. P. 8003(a)(2); Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *In re Gelso Invs. V, LLC*, 127 F. App'x 916, 917 (9th Cir. 2005) (affirming dismissal of bankruptcy appeal for failure to prosecute where the appellant failed to file a statement of issues and designation of record despite multiple opportunities to do so).

### III.   CONCLUSION

For the foregoing reasons, the Courts DISMISSES this case. The Clerk is directed to close the case and transmit a copy of this Order to the Bankruptcy Court.

Dated this 6th day of April, 2026.

Lauren King
United States District Judge

ORDER DISMISSING CASE - 4